## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT GREENE<br>659 E. Clementine Street<br>Philadelphia, PA 19134      : <br><br>           Plaintiff,      : <br><br>       v.      : <br><br>WHOLE FOODS MARKET GROUP, INC. :<br>550 Bowie Street<br>Austin, TX 78703      : <br><br>           Defendant.      : | CIVIL ACTION<br><br>No.:_____<br><br><br>**JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I.      Introduction

Robert Greene (*hereinafter* referred to as "Plaintiff") has initiated the instant action to redress violations by Whole Foods Market Group, Inc. for violations of the Title VII of the Civil Rights Act of 1964 ("Title VII" - (42 U.S.C.S. § 2000a *et seq.*) and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. § 951 *et seq.*).[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### II.      Jurisdiction and Venue

1.      This action is initiated pursuant to federal law, Title VII. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with

---

[1] Plaintiff plans to amend his instant complaint to include claims under the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. §§ 951 *et. seq.*) if and when those claims become administrative exhausted with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff's claims under the PHRA would mirror his federal claims under Title VII as set forth herein.

traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

2.      The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact as Plaintiff's federal claims specified herein.

3.      Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

4.      Plaintiff exhausted his administrative remedies (with respect to his Title VII claims) because he timely filed Charges with the Equal Employment Opportunity Commission (EEOC) and now files the instant lawsuit within ninety (90) days of receiving a right-to-sue letter from the EEOC.

### III.   Parties

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult, Muslim male with an address as set forth above.

7.      Defendant Whole Foods Market Group, Inc. (*hereinafter* referred to as "Defendant") owns and operates numerous food markets throughout the United States, including

2

the location in which Plaintiff worked. Defendant is headquartered at the above-captioned address.

8.      At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendant.

## IV.      Factual Background

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.      Plaintiff is an adult, Muslim male.

11.      In or about April of 2012, Plaintiff was hired by Defendant to work in its Glen Mills, PA location.

12.      From in or about April of 2012 until in or about October of 2012, Plaintiff worked within the prepared foods department of Defendant.

13.      In or about October of 2012, Plaintiff was transferred from the prepared foods department to the meat department and was supervised by different members of management than those who supervised him in the prepared food department.

14.      Due to Plaintiff's religion, Plaintiff prays five (5) times per day.

15.      Due to the hours and work schedule that Plaintiff was required to work while employed with Defendant, Plaintiff needed to pray while he was at work.

16.      Plaintiff prayed during his work hours without any issue or incident during the time period that he was working within the prepared food department.

17.      When Plaintiff was transferred to the meat department in or about October of 2012, he informed his new management of his religion and his need to be able to pray for a few

3

moments throughout his shift due to his religious beliefs (a reasonable religious accommodation).

18.     After informing management of his religion and need for a religious accommodation, Plaintiff's new management began to make discriminatory and derogatory comments about his religion and requests for a religious accommodation (i.e. to pray for a few moments throughout his shift).

19.     The aforementioned discriminatory comments included but were not limited to telling Plaintiff that "this is not a mosque" and that "this is not the time or the place" (in reference to his need to pray while at work).

20.     As a result of the discriminatory treatment that he was being subjected to (as discussed *supra*), Plaintiff complained to Defendant's upper management regarding Defendant's failure to accommodate his religious beliefs as well as the discriminatory treatment that he was receiving from his new management based on his religion and need for a religious accommodation.

21.     Defendant's management never properly investigated nor resolved Plaintiff's concerns of religious discrimination and/or Defendant's failure to accommodate his religious beliefs.

22.     Instead, shortly after making complaints of religious discrimination and Defendant's failure to accommodate his religious beliefs, Plaintiff began to be subjected to increased animosity and hostility by Defendant's management and in close proximity to Plaintiff last complaint of discrimination, Plaintiff was terminated.

23.     Plaintiff was terminated for completely false and pretextual reasons.

## Count I
## <u>Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")</u>
([1] Religious Discrimination; [2] Retaliation; [3] Failure to Accommodate)

24. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25. Plaintiff is an adult, Muslim male.

26. During Plaintiff's employment in Defendant's meat department, Plaintiff was subjected to discriminatory conduct from his management based on his religion and/or because of his requests for reasonable religious accommodations (i.e. to be able to pray for a few moments a day throughout his shift).

27. Plaintiff complained to Defendant's management regarding Defendant's failure to accommodate his religious beliefs and the discriminatory treatment that he was being subjected to because of his religious beliefs.

28. Shortly following his complaints regarding religious discrimination and Defendant's failure to accommodate his religious beliefs (as discussed *supra*), Plaintiff was terminated for completely pretextual reasons.

29. Plaintiff was terminated because of his religion, his complaints of religious discrimination, and/or his requests for religious accommodations.

30. Defendant also failed to accommodate Plaintiff's religious beliefs because Defendant's management refused to allow Plaintiff to pray while at work.

31. These actions as aforesaid constitute violations of Title VII.

**WHEREFORE,** Plaintiff prays that this Court enter an order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom(s) of discriminating against employees based on their religion and/or

retaliating against employees because of their complaints of religious discrimination/requests for religious accommodations, and are to be ordered to promulgate an effective policy against such discrimination/retaliation and to adhere thereto;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered the aforesaid unlawful actions at the hands of Defendant until the date of verdict (including reinstatement where appropriate);

C.      Plaintiff is to be awarded punitive damages under the ADA as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its wilful, deliberate, malicious and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

G.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By:     _____

Ari R. Karpf
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: June 13, 2014

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ROBERT GREENE | : | CIVIL ACTION |
| v. | : | |
| WHOLE FOOD MARKET GROUP, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X )

| | | |
|---|---|---|
| 6/13/2014 | Ari R. Karpf | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 659 E.Clementine Street, Philadelphia, PA 19134

Address of Defendant: 550 Bowie Street, Austin, TX 78703

Place of Accident, Incident or Transaction: Defendant's place of business

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
          Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/13/14 _____          ARK2484

Attorney-at-Law          Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/13/14 _____          ARK2484

Attorney-at-Law          Attorney I.D.# 91538

CIV. 609 (5/2012)

%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ROBERT GREENE

**(b)** County of Residence of First Listed Plaintiff  Philadelphia

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS

WHOLE FOODS MARKET GROUP, INC.

County of Residence of First Listed Defendant  Travis

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act "Title VII" (42USC2000)

Brief description of cause:
Violations of Title VII and the Pennsylvania Human Relations Act "PHRA"

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):

JUDGE _____  DOCKET NUMBER _____

Explanation:

DATE  01/13/2014

SIGNATURE OF ATTORNEY OF RECORD

---

Print | Save As... | Export as PDF | Retrieve PDF File | Reset